Case 3:15-cv-01123-MEM  Document 11  Filed 10/30/15  Page 1 of 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RYAN KESTER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | (JUDGE MANNION) |
| WAL-MART STORES, INC. and | : | |
| WERNER ENTERPRISES, INC., | : | |
| | : | |
| Defendants | : | No.: 3:15-CV-1123 |

**AMENDED COMPLAINT**

Plaintiff, Ryan Kester, through his attorneys, Abrahamsen, Conaboy & Abrahamsen, P.C., hereby submits the within Amended Complaint and complains against the above referenced Defendants as follows:

**JURISDICTION**

1. This Honorable Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 as the Plaintiff has diverse citizenship from the Defendant and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

**VENUE**

2. This Honorable Court is the proper venue for the instant matter because the acts and occurrences which led to the instant cause of action occurred

within the jurisdiction of this Honorable Court.

## FACTS

3.      Plaintiff, Ryan Kester, is an adult individual who resides at 3220 Augusta Avenue, Scranton, Lackawanna County, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

4.      Defendant, Wal-Mart Stores, Inc., is a corporation authorized to do business in Pennsylvania with its principal place of business located at 702 Southwest 8th Street, Bentonville, Arkansas, and is a citizen of the State of Arkansas.

5.      At all times material hereto, the Defendant, Wal-Mart Stores, Inc., conducted business activities in Lackawanna County, Pennsylvania.

6.      Defendant, Werner Enterprises, Inc., is a corporation authorized to do business is Pennsylvania with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska, and is a citizen of the State of Nebraska.

7.      At all times material hereto, the Defendant, Werner Enterprises, Inc., conducted business activities in Lackawanna County, Pennsylvania.

8.      On or about October 31, 2013, Plaintiff, Ryan Kester, was in the course and scope of his employment with Kane Logistics at 26 Stauffer Industrial Park, Taylor, Lackawanna County, Pennsylvania.

9.      On or about October 31, 2013, while Plaintiff, Ryan Kester, was attempting to unload Werner trailer number 32802 containing various goods, he was caused to suffer injury when opening the trailer, as the contents of same had shifted during transport and fell against the rear door of the trailer.

10.      Upon information and belief, the trailer which Plaintiff, Ryan Kester, was attempting to unload at the aforementioned incident, was loaded by the Defendant, Wal-Mart Stores, Inc., acting through their employees, servants, agents and/or workmen.

11.      Alternatively, upon information and belief, the trailer which Plaintiff, Ryan Kester, was attempting to unload at the aforementioned incident, was loaded by the Defendant, Werner Enterprises, Inc., acting through their employees, servants, agents and/or workmen.

## COUNT I

## RYAN KESTER v. WALMART STORES, INC

### NEGLIGENCE

12.      Plaintiff incorporates by reference paragraphs one (1) through eleven (11) above as though fully set forth herein at length.

13.      The negligence of the Defendant, Wal-Mart Store, Inc., acting through their agents, servants, employees and/or workmen consisted of the

following:

(a)     failing to properly load the trailer that Plaintiff was ultimately unloading;

(b)     failing to properly secure the load within the trailer that Plaintiff was unloading;

(c)     failing to warn the Plaintiff of the fact that the contents of the trailer would shift toward the rear door of the trailer;

(d)     failing to warn the Plaintiff of the dangerous condition posed by the improperly loaded trailer;

(e)     creating a dangerous condition by improperly loading the trailer;

(f)     failing to implement appropriate policies and/or procedures necessary to avoid an accident such as the one involved herein.

14.     As a direct and proximate result of the Defendant's negligence, the Plaintiff, Ryan Kester, suffered serious personal injuries including but not limited to a low back injury.

15.     As a direct and proximate result of the negligence and carelessness of the Defendant as described above, the Plaintiff, Ryan Kester, suffered great physical pain and anguish, a severe shock to the nervous system, humiliation, embarrassment and a loss of life's enjoyments and pleasures, and may continue to

suffer the same for an indefinite time in the future.

16.    As a direct and proximate result of the negligence of the Defendant, the Plaintiff, Ryan Kester, has been or will be obliged to undergo medical attention and care and to incur various expenses and may be obliged to continue to expend such monies or incur such expenditures for the remainder of his natural life.

17.    As a direct and proximate result of the negligence of the Defendant, Plaintiff, Ryan Kester, has been and will be unable in the future to attend to his usual and daily activities, all to his great detriment and loss.

18.    As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff, Ryan Kester, has suffered a loss of earnings and will suffer a loss of earning capacity into the future.

WHEREFORE, Plaintiff, Ryan Kester, demands judgment in his favor and against the Defendant, Wal-Mart Stores, Inc., in an amount in excess of the $75,000.00, plus interest, costs, and such other relief as deemed appropriate by the Court.

## COUNT II

## RYAN KESTER v. WERNER ENTERPRISES, INC.

### NEGLIGENCE

19.     Plaintiff incorporates by reference paragraphs one (1) through eighteen (18) above as though fully set forth herein at length.

20.     The negligence of the Defendant, Werner Enterprises, Inc., acting through their agents, servants, employees and/or workmen consisted of the following:

(a)     failing to properly load the trailer that Plaintiff was ultimately unloading;

(b)     failing to properly secure the load within the trailer that Plaintiff was unloading;

(c)     failing to warn the Plaintiff of the fact that the contents of the trailer would shift toward the rear door of the trailer;

(d)     failing to warn the Plaintiff of the dangerous condition posed by the improperly loaded trailer;

(e)     creating a dangerous condition by improperly loading the trailer;

(f)     failing to implement appropriate policies and/or procedures necessary to avoid an accident such as the one involved herein.

21.   As a direct and proximate result of the Defendant's negligence, the Plaintiff, Ryan Kester, suffered serious personal injuries including but not limited to a low back injury.

22.   As a direct and proximate result of the negligence and carelessness of the Defendant as described above, the Plaintiff, Ryan Kester, suffered great physical pain and anguish, a severe shock to the nervous system, humiliation, embarrassment and a loss of life's enjoyments and pleasures, and may continue to suffer the same for an indefinite time in the future.

23.   As a direct and proximate result of the negligence of the Defendant, the Plaintiff, Ryan Kester, has been or will be obliged to undergo medical attention and care and to incur various expenses and may be obliged to continue to expend such monies or incur such expenditures for the remainder of his natural life.

24.   As a direct and proximate result of the negligence of the Defendant, Plaintiff, Ryan Kester, has been and will be unable in the future to attend to his usual and daily activities, all to his great detriment and loss.

25.    As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff, Ryan Kester, has suffered a loss of earnings and will suffer a loss of earning capacity into the future.

WHEREFORE, Plaintiff, Ryan Kester, demands judgment in his favor and against the Defendant, Werner Enterprises, Inc., in an amount in excess of the $75,000.00, plus interest, costs, and such other relief as deemed appropriate by the Court.

Respectfully Submitted,

ABRAHAMSEN, CONABOY & ABRAHAMSEN, P.C.

By:    /s/ Kevin M. Conaboy
Kevin M. Conaboy, Esquire
Attorney ID Number:84384

1006 Pittston Avenue
Scranton, PA 18505
570-348-0200
kconaboy@law-aca.com